[Cite as *State v. Nowak*, 2022-Ohio-2980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo               Court of Appeals No.  L-21-1215

     Appellee                           Trial Court No.  CRB-21-03196

v.

James D. Nowak                             **DECISION AND JUDGMENT**

     Appellant                          Decided:  August 26, 2022

* * * * *

David L. Toska, City of Toledo Chief Prosecuting Attorney, and
Christopher D. Lawrence, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

## A. Introduction

{¶ 1} Following a bench trial in the Toledo Municipal Court, the defendant-appellant, James D. Nowak, was found guilty and convicted of failing to comply with an order or signal of a police officer.  On appeal, Nowak challenges the legal sufficiency and weight of the state's evidence.  As set forth below, we affirm the trial court's judgment.

## B. History

{¶ 2} At the November 1, 2021 trial, the state presented the testimony of Toledo Police Officer Gavin Paszczykowski and introduced the dashcam video from his patrol car. According to Officer Paszczykowski, he and his partner were working the midnight shift on April 16, 2021 in South Toledo, near the intersection of Broadway and Maumee Streets. Around midnight, Officer Paszczykowski noticed a gold Buick Century "make a couple turns without using a turn signal." The officer "inten[ded]" to stop the vehicle, but the driver pulled into a driveway and exited the vehicle. Officer Paszczykowski drove away from the area.

{¶ 3} But, "a few minutes later," Officer Paszczykowski saw the Buick again and observed it make another "turn signal infraction" when it turned from Maumee into a parking lot that emptied into an alley. It is undisputed that Nowak was the driver of the Buick.

{¶ 4} Officer Paszczykowski made a "sharp right-hand turn on to Maumee" and "went into the same alleyway and activated [the patrol car's] overhead lights to stop the vehicle." Nowak did not pull over or stop. Instead, Nowak turned right from the alley onto Eastern Street. Officer Paszczykowski followed and also activated his sirens. Nowak continued driving, and "[f]rom Eastern, [he] made another right hand turn into an uphill driveway. * * * After turning into the driveway, [which] went uphill a ways, * * * [Nowak] turned left [into a parking place] facing * * * his apartment building."

2.

{¶ 5} Nowak exited the car "in a very, very aggressive manner." Officer Paszczykowski also exited his car, with his gun drawn. Nowak was charged with failing to comply with an order or signal of police officer, in violation of R.C. 2921.331(B), a misdemeanor of the first degree, and also for failing to use a turn signal. Nowak was taken into custody and later released on his own recognizance.

{¶ 6} After the state presented its case, Nowak moved for an acquittal, arguing that the state failed to present legally sufficient evidence as to each element of the offense. The trial court denied the motion. At the conclusion of the trial, the trial court found Nowak guilty and convicted him of both offenses. The court imposed a mandatory six month driver's license suspension and further ordered Nowak to pay court costs. At Nowak's request, the court stayed the driver's license suspension, pending appeal.

{¶ 7} Nowak appealed and raises two assignments of error for our review:

> I. The trial court erred in denying Defendant-Appellant's motion for acquittal as to the charge of violating R.C. 2921.331(B) because the state failed to present sufficient evidence to sustain a conviction by a trial court.

> II. In the alternative, the conviction is not supported by the manifest weight of the evidence.

### C. Sufficiency of the Evidence

{¶ 8} In his first assignment of error, Nowak argues that his conviction for failing to comply was not supported by legally sufficient evidence.

3.

{¶ 9} When reviewing a challenge to the sufficiency of the evidence, a reviewing court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A sufficiency challenge requires us to review the record to determine whether the state presented evidence as to each element of the offense. *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} Nowak was convicted of violating R.C. 2921.331(B), which provides that, "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." The term "willfully" means that the person purposely sought to elude or flee a police officer after being ordered to stop. *State v. Garrard,* 170 Ohio App.3d 487, 2007-Ohio-1244, 867 N.E.2d 887 (10th Dist.), *abrogated in part on other grounds,* 124 Ohio St.3d, 918 N.E.2d 507 (2009) (finding "willfully" equivalent to "purposefully," as set forth in R.C. 2901.22). To "elude" means "to avoid adroitly or to evade," and "flee" means to "escape from danger, pursuit, or unpleasantness; to ty to evade a

4.

problem." *Merriam-Webster.com/Dictionary/elude* and *Black Law Dictionary,* (11th Ed.2019), respectively.

{¶ 11} In this case, the parties agree that, after the police activated the patrol car lights, Nowak continued to drive, making three turns, in short succession, over the course of 20 seconds. During those 20 seconds, Nowak traveled less than 300 feet before stopping in his own driveway. The parties also agree that Nowak could have stopped when the initial overhead lights came on because there was no traffic that night or any road hazards that would have prevented him from stopping immediately when signaled to do so.

{¶ 12} On appeal, Nowak claims that the state failed to present sufficient evidence to show that he willfully eluded or fled from the police because he "did not speed up, did not travel through any red lights or stop signs, and only travelled about 300 feet." Nowak cites a "somewhat similar" case, where the court found that the state failed to present sufficient evidence that the defendant acted willfully. *See State v. Bares,* 7th Dist. Mahoning No. 19MA0086, 2020-Ohio-4722. Like Nowak, the defendant in *Bares* did not speed up when the officer activated his lights and sirens, did not weave in or out of traffic or run any red lights, and "only travelled 0.6 of a mile" from where the officer activated his lights and sirens. *Id.* at ¶ 14.

{¶ 13} But, in *Bares,* the police began following the defendant's vehicle after observing it speeding in "moderate to heavy" traffic. *Id.* at ¶ 11. And, when the officer

5.

activated his lights and siren to signal the driver to pull over, the patrol car was about "six to seven car lengths behind [the defendant's] vehicle." *Id.* at ¶ 14. As Nowak concedes, it was "significant [in *Bares*] that the police officer was *not* directly behind the subject vehicle, signaling him to stop during part of the incident." (Appellant's brief at 11; emphasis added.) By contrast—in this case—Officer Paszczykowski's patrol car remained "one [to] three car lengths" behind Nowak's car the entire time, and there were no other cars between the two that could have obscured Nowak's ability to see or hear the patrol car. Nowak also concedes that there were "no other vehicles or pedestrians in the area" that prevented him from stopping when ordered to do so. For these reasons, we find that *Bares* is factually distinct from the case at bar.

{¶ 14} Besides, the gist of Nowak's argument on appeal is not that he was *unaware* of the police order to stop. Instead, Nowak suggests that because he "knew he was extremely close to his own driveway," it was reasonable to delay stopping until he reached that "safe place." We strongly disagree.

{¶ 15} When the officers attempted to pull Nowak over, they were in a parking lot/alley that intersected with a busy, public street. According to Officer Paszczykowski, most drivers—when receiving a signal to stop—do so within "two to five seconds" and they "immediately pull over to the right." Here, it took Nowak 20 seconds to comply. And, during that time, the officers were led further and further away from that public place, not knowing Nowak's intentions or what awaited them when and if Nowak did

6.

stop.  Indeed, based upon our review of the dashcam video, when the parties exited their vehicles they were soon joined by several others.  One of the officers, with his gun drawn, can be seen saying something to the unidentified persons.  Thus, while Nowak may have felt safer by postponing his interaction with police to a time and place of his choosing, we agree with the trial court that the very opposite was likely true for the police.

{¶ 16} Given the facts of this case, we find that Nowak's act of continuing to drive, despite flashing lights and sirens, established that Nowak acted willfully.  *Accord Garrard* at ¶ 32 (a court may infer willfulness where the testimony established that, after the police activated the lights and siren and after police proceeded to follow the defendant, the defendant "did not stop but continued to speed and prolong the police pursuit until he abruptly stopped.")  In our view, the evidence presented by the state was sufficient to establish that Nowak operated a motor vehicle to willfully elude or flee a police officer after receiving a visible or audible signal from police to bring his vehicle to a stop.

{¶ 17} Finally, Nowak complains that Officer Paszczykowski's testimony—that Nowak exited his car "aggressively"—was "unsupported and self-serving."  But, in reviewing a challenge to the legal sufficiency of the evidence, our role is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."  *State v. Thompkins,* 78 Ohio St.3d 380,

7.

390, 678 N.E.2d 541 (1997). As discussed, we find that it does. Further, the events that occurred *after* Nowak's exit from his car are not relevant to the issue on appeal, given that the offense, i.e. Nowak's failure to comply, had already been committed by that time. Likewise, Nowak's claim—that he "posed absolutely no threat to the general public" while he meandered back to his home—is also irrelevant because the state was not required to prove that Nowak posed a threat to support a conviction under R.C. 2921.331(B).

{¶ 18} For these reasons, we find that there was sufficient evidence to support Nowak's failure to comply conviction under R.C. 2921.331(B). Accordingly, his first assignment of error is overruled.

### D. Weight of the evidence.

{¶ 19} In his second assignment of error, Nowak argues that his failure to comply conviction is against the manifest weight of the evidence.

{¶ 20} In contrast to sufficiency, "weight of the evidence involves the inclination of the greater amount of credible evidence." *Thompkins* at 387. While "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386–387. The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses

8.

to determine "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *Martin,* 20 Ohio App.3d 172, 485 N.E.2d 717.

{¶ 21} In challenging the weight of the evidence, Nowak makes the same arguments that he made in challenging its sufficiency, principally that "the evidence here does not show an intentional act of wrongdoing" and that he did not create "any danger" by failing to stop, both of which we have specifically rejected.

{¶ 22} As for Nowak's charge that Officer Paszczykowski's testimony at trial was "self-serving," we are mindful that the weight to be accorded to the evidence and the credibility of the witnesses are matters primarily for the trier of fact. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). We may not substitute our judgment for that of the finder of fact. *State v. Awan,* 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

{¶ 23} After careful review of the record—most importantly, the dashcam video—we cannot say that the trial court, acting as the fact finder, clearly lost its way in concluding that Nowak was guilty of violating R.C. 2921.33(B). Therefore we find that Nowak's conviction was not against the manifest weight of the evidence, and his second assignment of error is found not well-taken.

9.

## E. Conclusion

**{¶ 24}** Nowak's conviction for failing to comply with an order or signal of a police officer is supported by sufficient evidence and is not against the manifest weight of the evidence.  Accordingly, the trial court's November 1, 2021 judgment of conviction is affirmed.  Pursuant to App.R. 24, Nowak is ordered to pay the costs of this appeal.  It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.